UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JOSHUA ROWE, Trustee of the Living Irrevocable Spendthrift Rowe Family Trust, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. 5: 25-065-DCR ) |
| V. | ) ) |
| BCMS INVESTMENTS, LLC, doing business as Silverline Trailers, et al., | ) **MEMORANDUM ORDER** ) ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Joshua Rowe is a resident of Lexington, Kentucky. Proceeding without counsel, Rowe (as Trustee of the Living Irrevocable Spendthrift Rowe Family Trust) has filed a civil complaint against BCMS Investments, LLC, Advantage Trailer Leasing, LLC, and Hopkins Investments VI, LLC, alleging violations of the Truth in Lending Act, fraud, breach of contract, unjust enrichment, and "investigation of financial instruments." [Record No. 1] Rowe also has filed a motion for leave to proceed *in forma pauperis*. [Record No. 3]

However, Rowe has not provided sufficient information to demonstrate that he lacks sufficient financial resources to pay the filing fee. Rowe also has failed to explain why the Living Irrevocable Spendthrift Rowe Family Trust lacks sufficient resources to pay the filing fee, since he is bringing this lawsuit in his capacity as Trustee. Accordingly, the Court will deny Rowe's motion but will provide him with the proper form to file a new motion if he so chooses.

Next, in Rowe's "emergency motion for injunction," he asks the Court to direct the defendants to "cease all collection attempts, repossession threats, and other unlawful actions taken . . . in relation to the rental purchase agreement executed for the trailer identified in this case." [Record No. 4] In considering whether to grant a preliminary injunction, the court considers four factors: the movant's likelihood of success on the merits; the risk of irreparable harm to the movant if the injunction is denied; whether issuance of the injunction would cause substantial harm to others; and whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002). Further, a preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Id.* (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)).

Rowe has not met this demanding burden, as he fails to offer any developed legal argument in favor of injunctive relief and provides only conclusory allegations in support of the relief he seeks. [*See* Record No. 4 at 1.] Not only has Rowe failed to establish that he is likely to prevail on the merits of any of his claims, he has not alleged an irreparable injury which is essential to obtaining preliminary injunctive relief. *See D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 327 (6th Cir. 2019) (explaining that "money damages are not irreparable"). Accordingly, his motion for a preliminary injunction will be denied.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Rowe's motion for leave to proceed *in forma pauperis* [Record No. 3] is **DENIED**, without prejudice.

2. Rowe's motion for injunctive relief [Record No. 4] is **DENIED**.

- 3 -

3.    The Clerk of the Court is directed to send Rowe a Motion and Affidavit in Support of Motion to Proceed *in Forma Pauperis* [EDKY 519].

4.    Rowe must pay the required $405.00 filing and administrative fee **or** complete and file a Motion and Affidavit in Support of Motion to Proceed *in Forma Pauperis* [EDKY 519] within **28 days**. Failure to take one of these steps prior to the deadline will result in dismissal of this matter for failure to prosecute.

Dated: March 12, 2025.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky